UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTHONY SANTANIELLO, JR., Petitioner, -against- COMMISSIONER OF CORRECTIONS, Respondent. | **ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** 3:25-CV-1631 (VDO) |

**VERNON D. OLIVER**, United States District Judge:

Petitioner Anthony Santaniello, Jr. ("Petitioner"), a state prisoner in the custody of the Connecticut Department of Corrections, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.[1] Petitioner challenges the constitutionality of his 2004 state court convictions following a jury trial in the Connecticut State Court, Case No. CV04-0834015.[2] Respondent has filed a motion to dismiss the petition on the ground that the petition is untimely filed.[3]

For the following reasons, the motion to dismiss is **GRANTED**.

## I. BACKGROUND

### A. Arrest & Convictions

Petitioner was arrested on February 22, 2002, following a complaint involving sexual assault, and an attendant forensic examination of the victim's undergarment, which revealed

[1] Pet., ECF No. 1.

[2] *See id.*

[3] Mot. to Dismiss, ECF No. 12.

incriminating DNA evidence.[4] He was charged at that time with two counts of sexual assault in the first degree, burglary in the first degree, and kidnapping in the first degree, all related to the sexual assault complaint.[5]

Petitioner was arrested and incarcerated at Cheshire Correctional Institution ("Cheshire") from May 13, 2002, until July 30, 2002, and during his time at Cheshire, he had a cellmate, Thomas Marra ("Cheshire cellmate").[6] In August 2002, the Cheshire cellmate contacted authorities and informed them that Petitioner sought to have his sexual assault victim killed to prevent her testimony.[7] The Cheshire cellmate met with authorities and provided authorities with a letter written by Petitioner, and subsequently provided authorities with further correspondence from and to Petitioner concerning Petitioner's desire to have the victim killed.[8] A covert operation was then arranged for Petitioner to meet with an undercover agent posing as an assassin on October 21, 2002, but Petitioner did not show. [9]

On October 25, 2002, Petitioner was arrested on an unrelated charge and detained at Bridgeport Correctional Center, where he shared his cell Andre Holeman ("Bridgeport cellmate").[10] There, he told his Bridgeport cellmate of his desire to have the sexual assault victim killed to prevent her testimony, and he also told his cellmate that his prior attempt to

---

[4] Petitioner directly appealed his 2004 conviction, and the facts pertaining to Petitioner's crime and trial are taken directly from the opinion of the Connecticut Appellate Court. *State v. Santaniello*, 646 646, 649–50, 902 A.2d. 1 (2006), *cert. denied*, 280 Conn. 920 (2006).

[5] *Id*. at 650.

[6] *Id*.

[7] *Id*.

[8] *Id*.

[9] *Id*.

[10] *Id*.

hire an assassin failed because he did not have the funds, and so, he was considered killing the victim himself.[11] Because of this conduct, Petitioner was charged with attempt to commit murder, inciting injury to another person, and intimidating a witness.[12] All charges were consolidated for trial.[13]

Following Petitioner's jury trial in 2004, Petitioner was convicted in 2004 of sexual assault in the first degree, in violation in violation of Connecticut General Statutes ("Conn. Gen. Stat.") § 53a-70(a)(1), kidnapping in the first degree, in violation of Conn. Gen. Stat. § 53a-92(a)(2)(A), attempt to commit murder, in violation of Conn. Gen. Stat. § 53a-49(a)(2) and 53a-54a, inciting injury to another person, in violation of Conn. Gen. Stat. § 53a-179a(a), and intimidating a witness in violation of Conn. Gen. Stat. § 53a-151a(a)(1).[14] Judgment was entered on March 26, 2004.[15]

### B. Direct Appellate Review

Petitioner directly appealed his convictions, and in his appeal, he claimed error from the joinder of the first set of charges with the second set; the trial court's failure to suppress statements that he had made concerning the attempted murder case; the trial court's failure to suppress statements he made to his Cheshire cellmate; and the trial court's refusal to consider his "postverdict letter" as a petition for a new trial.[16] The appellate court rejected each claim

---

[11] *Id*. at 650–51.

[12] *Id*. at 651.

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.*

and affirmed judgment on July 25, 2006.[17] The Connecticut Supreme Court denied certification for discretionary review on September 27, 2006.[18]

**C. Petition for New Trial**

Prior to judgment being entered in Petitioner's criminal case and direct appellate review, he filed a petition for a new trial pursuant to Conn. Gen. Stat. § 52-270 on February 2, 2004.[19] Petitioner claimed that he possessed newly-discovered evidence in the form of a letter from his former Cheshire cellmate stating that the cellmate had "manipulated and convinced" Petitioner to have the victim killed.[20] The State took the position that the letter was inauthentic because the State had "reason to believe [the Cheshire cellmate] may not have authored the letter."[21] Ultimately, the petition for new trial was denied on January 17, 2008.[22]

**D. Post-Conviction Collateral Proceedings**

Next, on April 15, 2009, Petitioner initiated his first state habeas corpus action.[23] In a later filed amended petition, Petitioner claimed that he was denied effective assistance of both

---

[17] *Id.*

[18] *State v. Santaniello*, 280 Conn. 920, 908 A.2d 545 (2006); *see also* Ex. to Pet., ECF No. 1 at 119-36.

[19] The facts pertaining to Petitioner's petition for a new trial are taken from a December 23, 2005, Connecticut Superior Court order denying Petitioner's motion for disqualification of the sentencing judge to preside over his petition for a new trial. *Santaniello v. State*, No. CV04-0834015, 2005 WL 3693774 at, *1 (Conn. Super. Ct. Dec. 23, 2005).

[20] *Id.*

[21] *Id.*

[22] *See* Trial Tr., App'x D, ECF No. 13-4 at 15.

[23] This information is taken from a December 18, 2012, Connecticut Superior Court order denying Petitioner's first state habeas action. *See Santaniello v. Warden*, No. CV09-4003005S, 2012 WL 6846576 at, *2 (Conn. Super. Ct. Dec. 18, 2012).

trial and appellate counsel.[24] The state habeas court rejected Petitioner's claims and denied the petition on December 18, 2012.[25] The Appellate Court affirmed the judgment of the habeas court on September 2, 2014.[26] The Connecticut Supreme Court denied Petitioner's petition for certification on November 5, 2014.[27]

On May 23, 2016, Petitioner brought his second state habeas action.[28] In pertinent part, Petitioner again raised claims of ineffective assistance of trial and appellate counsel, but this time, he also added claims of ineffectiveness regarding his prior habeas counsel.[29] The habeas court denied the petition on December 1, 2022.[30] The Appellate Court affirmed the denial on February 25, 2025.[31] Petitioner sought certification for review,[32] and the Connecticut Supreme Court denied certification on April 30, 2025.[33] Review of the Connecticut Judicial Branch website reveals that Petitioner has a pending third state habeas action, which was filed on May

---

[24] *Id*. at *1.

[25] *Id*. at *8, 11.

[26] *Santaniello v. Comm'r of Corr.*, 152 Conn. App. 583, 590; *see also* Ex. to Pet., ECF No. 1 at 137–40.

[27] *See Santaniello v. Comm'r of Corr.*, 314 Conn. 937 (2014).

[28] *See Santaniello v. Comm'r of Corr.*, No. CV16-4008095-S, 2022 WL 17959079 (Conn. Super. Ct. Dec. 1, 2022).

[29] This information is taken from the state habeas court's order denying Petitioner's second state habeas petition. *See id.* at *3.

[30] *Id*. at *11; *see also* Ex. to Pet., ECF No. 1 at 97–118.

[31] *Santaniello v. Comm'r of Corr.*, 230 Conn. App. 741, 793 (2025), *cert. denied*, 351 Conn. 926 (2025); *see also* Ex. to Pet., ECF No. 1 at 43–96.

[32] *See* Pet. for Certif. for Review, Ex. to Pet., ECF No. 1 at 23–41 (Apr. 1, 2025).

[33] *Santaniello v. Comm'r of Corr.*, 351 Conn. 926 (2025); *see also* Ex. to Pet., ECF No. 1 at 42.

23, 2025, and scheduled for trial on December 22, 2027.[34] *See Velasco v. Gonclavez*, No. 21-CV-1573, 2022 WL 19340, at *2, n.2 (D. Conn. Jan. 3, 2022); *Scherer v. Equitable Life Assurance Soc'y*, 347 F.3d 394, 402 (2d Cir. 2003) (finding that a court may take judicial notice of state court records.).

### E. Petitioner's Federal Habeas Action

On September 30, 2025,[35] Petitioner filed the current § 2254 Petition, with attached exhibits.[36] Petitioner brings the following claims: (Ground One) It was prejudicial that "[t]he attempted murder was used to show consciousness of guilt to the sexual assault case" because they were two different cases; (Ground Two) He was unable to confront the jailhouse informant in violation of the confrontation clause, and thus, could not prevail on an entrapment defense; (Ground Three) Ineffective assistance of counsel for failing to raise and litigate a "*Crawford* claim;"[37] and (Ground Four) Ineffective assistance of counsel for failure to raise a

---

[34] *See Santaniello v. Comm'r of Corr.*, No. TSR-CV25-5002106-S, Entry Nos. 100.3, 108 (Conn. Super. Ct. May 25, 2025).

[35] *See* ECF No. 1. Pursuant to the "prison mailbox rule," a *pro se* prisoner's complaint is deemed to be filed when it is delivered to prison officials for transmittal to the court. *Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993), *opinion modified on reh'g*, 25 F.3d 81 (2d Cir. 1994). Where a petition is unsigned, in the absence of evidence showing that the petition was given to prison officials for mailing on an earlier date, the Court looks to when it was received by the Clerk of Court. *See*, *e.g.*, *Grant v. Gonyea*, No. 19-CV-743, 2021 WL 8087868, at *9 & n.17 (S.D.N.Y. Oct. 21, 2021). Petitioner did not sign his petition under penalty of perjury and the date of postmark is not clearly legible. *See* ECF No. 1-1. Accordingly, the petition is deemed filed on September 30, 2025, the date it was entered on the docket.

[36] *See* ECF No. 1.

[37] In *Crawford* v. *Washington*, 541 U.S. 36, 68, (2004), "[t]o satisfy the constitutional demand of confrontation prescribed by the sixth amendment, the court reformulated the test to distinguish between testimonial and nontestimonial statements, holding that testimonial evidence is not admissible under the sixth amendment, unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness." *Santaniello*, 230 Conn. App. at 763–64.

"*Massiah*[38] claim."[39] The Court issued an order to show cause to Respondent as to why the relief sought in the petition should not be granted,[40] and Respondent filed the instant motion to dismiss the petition, which argues that the petition is time barred.[41] Petitioner opposes the motion.[42]

## II. STANDARD OF REVIEW

"The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)." *Harrington v. Richter*, 562 U.S. 86, 97 (2011). That statute provides that a federal court cannot grant habeas relief unless "(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

In reviewing a motion to dismiss a petition for writ of habeas corpus, the court applies the same standard as when reviewing a motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6). *See Spiegelmann v. Erfe*, No. 17-CV-2069, 2018 WL 1582549, at *1 (D. Conn. Mar. 29, 2018). To survive dismissal, the petition must "contain sufficient factual

---

[38] "In order to succeed on a claim that his sixth amendment right to counsel was violated pursuant to [*Massiah* v. *United States*, 377 U.S. 201, 206, (1964)], the petitioner must prove the following: (1) the [s]ixth [a]mendment right to counsel ha[d] attached; (2) the individual seeking information from the [petitioner was] a government agent acting without the [petitioner's] [counsel] being present; and (3) that agent deliberately elicit[ed] incriminating statements from the [petitioner]." *Id.* at 766 (cleaned up).

[39] ECF No. 1 at 9–15.

[40] *See* Order, ECF No. 8.

[41] *See* ECF No. 12.

[42] *See* ECF No. 15.

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although "detailed factual allegations" are not required, a petition must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555–57.

Because Petitioner filed his habeas petition *pro se*, the court must construe his filings "liberally" and interpret them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). But "[d]espite the special solicitude that the court must show [Petitioner] out of consideration for his *pro se* status, his petition must still include sufficient factual allegations to meet the standard of facial plausibility to survive a motion to dismiss under Rule 12(b)(6)." *Anderson v. Williams*, No. 15-CV-1364, 2017 WL 855795, at *6 (D. Conn. Mar. 3, 2017) (cleaned up).

In considering a motion to dismiss, a court typically may consider only the complaint, or in this case, the petition. However, the petition "is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference," as well as any documents deemed integral to the petition. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002) (cleaned up). To that end, when a petition relies on various state court proceedings underlying the procedural history of a case, a court may consider the documents relevant to those proceedings. *See Fulcher v. Connecticut*, No. 23-CV-570, 2025 WL 2403041, at *2, n.1 (D. Conn. Aug. 19, 2025) (taking judicial notice of habeas petitioner's state cases); *see also Vializ v. Arnone*, No. 11-CV-1636, 2012 WL 3000406, at *1, n.1 (D. Conn. July 20, 2012).

## III. DISCUSSION

Respondent argues that the petition is untimely because well over two years of non-tolled time had passed before Petitioner filed his federal habeas petition.[43] Construed liberally, Petitioner opposes and argues that his petition is timely; or alternatively, that he is entitled to equitable tolling.[44] The Court agrees with Respondent that the petition is time-barred and finds that Petitioner is not entitled to equitable tolling.

### A. AEDPA Statute of Limitations

The AEDPA provides a one-year statute of limitations for federal habeas actions filed by prisoners in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1); *see also Murphy v. Strack*, 9 F. App'x 71, 72 (2d Cir. 2001). Specifically, the AEDPA provides that the limitations period shall run from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

---

[43] ECF No. 13 at 9.

[44] *See* ECF No. 15.

"The Second Circuit has held that the one year statute of limitations period imposed by AEDPA for filing a federal habeas petition does not begin until the completion of direct appellate review in the state courts and either the denial of a petition for certiorari by the United States Supreme Court or the expiration of the time within which to file a petition for a writ of certiorari." *Edwards v. Choinski*, No. 05-CV-444 (MRK), 2005 WL 3334442, at *2 (D. Conn. Dec. 5, 2005) (citing *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001)). "AEDPA's statutory tolling provision provides that the 'time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation[.]'" *Clemente v. Lee*, 72 F.4th 466, 476 (2d Cir. 2023) (quoting 28 U.S.C. § 2244(d)(2)).

To begin calculating the statutory limitations period, the date a state-court petition is filed is excluded from the AEDPA limitations period, or in other words, included in the tolling period. *See id.*; *see also Chrysler v. Guiney*, 14 F. Supp. 3d 418, 439–43 (S.D.N.Y. 2014), *aff'd,* 806 F.3d 104 (2d Cir. 2015). The date on which a state court issues a final judgment or the date on which a petitioner's ability to seek a discretionary appeal expires, is also excluded from the limitations periods, or in other words, is also part of the tolling period. *See Chrysler*, 14 F. Supp. 3d 418 at 443 ("In the context of the uneven treatment of this issue[,] [which] the Court has identified in Second Circuit case law on this topic [,]. . . [the Court] exclude[es] the date on which a state court issues a final judgment resolving a post-conviction motion [because this exclusion] is in line both with Second Circuit precedent declaring the final-judgment day as the end of the tolling period, . . . and with Second Circuit precedent applying Federal Rule of Civil Procedure 6 to AEDPA limitations-period calculations."). When the state post-

conviction review terminates, the "clock restarts" and the limitation period resumes. *Holland v. Florida*, 560 U.S. 631, 638 (2010) (citing *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000)).

Here, the Connecticut Supreme Court denied certification for discretionary review of Petitioner's direct appeal proceedings on September 27, 2006.[45] Accordingly, Petitioner's conviction became final on December 27, 2007, at the expiration of the ninety-day time period during which a petition for writ of certiorari could have been filed with the United States Supreme Court. *See Mercado v. Comm'r of Corr.*, No. 15-CV-33 (VLB), 2015 WL 5162484, at *2 (D. Conn. Sept. 1, 2015) (citing S. Ct. Rule 13.1); *see also Williams v. Artuz,* 237 F.3d 147, 151 (2d Cir. 2001), *cert. denied,* 534 U.S. 924 (2001).

However, on February 2, 2004, prior to Petitioner's direct appeal of his conviction, he filed a motion for a new trial,[46] thereby tolling the AEDPA statute of limitations. Petitioner's motion for a new trial was denied by the Connecticut Superior Court on January 17, 2008.[47] Petitioner did not seek certification to appeal the denial of his motion for a new trial.[48] Even so, "[a] state-court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." *Clemente*, 72 F.4th at 476 ("[T]he limitations period did not begin to run again until May 18, 2013—the

---

[45] *See Santaniello*, 908 A.2d 545.

[46] *See Santaniello*, 2005 WL 3693774 at *1.

[47] *See* ECF No. 13-4 at 15.

[48] Conn. Gen. Stat. § 54-95(a) provides that "[n]o appeal may be taken from a judgment denying a petition for a new trial unless, within ten days after the judgment is rendered, the judge who heard the case or a judge of the Supreme Court or the Appellate Court, as the case may be, certifies that a question is involved in the decision which ought to be reviewed by the Supreme Court or by the Appellate Court." *Santiago v. State*, 261 Conn. 533, 534 n.1 (2002) (quoting Conn. Gen. Stat. § 54–95(a)).

date on which [the petitioner's] time to seek a discretionary appeal in the Appellate division expired.") (cleaned up); *see also Pers. v. Sieminski*, No. 04-CV-1755 (WIG), 2005 WL 2225929, at *2 (D. Conn. Sept. 9, 2005) (where the petitioner did not appeal, the petitioner's limitations period began to run again on February 10, 2004, twenty days after the petition was denied on January 20, 2004).

Thus, Petitioner had until Monday, January 28, 2008,[49] to obtain certification to appeal his petition for a new trial, and because Petitioner had no other pending state post-conviction proceedings, the AEDPA statute of limitations began to run on January 29, 2008. Petitioner did not file state habeas action until April 15, 2009,[50] and thus, **441 days** of untolled time elapsed.

Petitioner's first state habeas petition was denied by the Connecticut Superior Court on December 18, 2012,[51] the appellate court affirmed the judgment of the habeas court, and then the Connecticut Supreme Court denied the petitioner's petition for certification on November 5, 2014.[52] Petitioner did not file his next state court pleading, a second state habeas action, until May 23, 2016.[53] Thus, another **564 days** of untolled time passed.

---

[49] "If the last day for filing of any matter in the clerk's office of the Superior Court falls on a day on which such office is closed, the last day for such filing shall be the next business day." Conn. Gen. Stat. Ann. § 51-347c; *see also* Conn. Practice Book § 7-17. Monday, January 28, 2009, was the last business day that Petitioner could have sought certification within the ten-day timeline set forth in Conn. Gen. Stat. § 54–95(a).

[50] *See Santaniello*, 2012 WL 6846576, at *2.

[51] *See Id*. at *8, 11.

[52] *Santaniello*, 314 Conn. at 937.

[53] *See* Docket Sheet, ECF No. 13-8.

The second state habeas action was denied on December 1, 2022,[54] the Appellate Court affirmed the denial, and the Connecticut Supreme Court denied certification on April 30, 2025.[55] Petitioner then allowed another **22 days** of untolled time to elapse before he filed a third state habeas action on May 23, 2025, which remains pending.[56] Thus, a total of **1,027 days** of untolled time elapsed before Petitioner filed his § 2254 petition on September 30, 2025, and his petition is untimely.

**B. Equitable Tolling**

While Petitioner appears to argue that he filed his § 2254 petition within the one-year AEDPA statute of limitations, he also appears to conversely argue that he is entitled to equitable tolling for failure to file his § 2254 petition within the one-year time limit.[57] The one-year limitations period governing habeas corpus petitions may be equitably tolled in "extraordinary or exceptional circumstances." *Valverde v. Stinson*, 224 F.3d 129, 133 (2d Cir. 2000) (cleaned up). To equitably toll the limitations period, a petitioner must show that extraordinary circumstances prevented him from filing his petition on time and that he was pursuing his rights diligently during the entire period he seeks to have tolled. *See Holland*, 560 U.S. at 649; *Harper v. Ecole*, 648 F.3d 132, 136 (2d Cir. 2011).

Petitioner first claims that his attorney did not advise him that he could keep challenging his "conviction through habeas[,]" that it took him over a year to obtain his file from his trial attorney, and that after his first habeas petition, his appellate attorney never

[54] *See Santaniello*, 2022 WL 17959079, at *11.

[55] *See Santaniello*, 351 Conn. at 926.

[56] *See Santaniello*, No. TSR-CV25-5002106-S.

[57] ECF No. 15 at 1.

informed him that the decision on his last habeas appeal had come back months ago.[58] He then claims that he was told by his attorney to withdraw the second state habeas action because it had no merit, but he realized it had merit, so he refiled a third habeas action in 2016, which was completed in April 2025.[59] These alleged circumstances are not sufficient to warrant equitable tolling.

As an initial matter, a search of the Connecticut Superior Court records shows that there has been no other state habeas corpus actions brought by Petitioner that have not been addressed in this Order, nor has Petitioner provided any evidence of an alleged withdrawn state habeas action.[60] Nevertheless, even assuming that Petitioner was unaware of filing deadlines or withdrew a habeas petition based on an attorney's advice, "courts within the Second Circuit consistently have held that lack of legal knowledge or legal assistance is not an extraordinary circumstance warranting equitable tolling." *Harris v. Brighthaupt*, No. 13-CV-165 JCH, 2013 WL 1673113, at *2 (D. Conn. Apr. 17, 2013) (citing *Toccaline v. Commissioner,* 10–CV-1404 (JCH), 2012 WL 603294, at *9 (D. Conn. Feb. 23, 2012)).

Particularly relevant here, an attorney's failure to advise an inmate as to the filing of a federal habeas petition or as to the limitations period does not constitute an extraordinary circumstance. *See id*. Likewise, "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling."

---

[58] *Id*.

[59] *Id*.

[60] A search of the Connecticut Superior Court records shows that there have been no other state habeas corpus actions brought by Petitioner. *See* https://civilinquiry.jud.ct.gov/PartySearch.aspx (last visited Sep. 3, 2026).

*Holland*, 560 U.S. at 652 (cleaned up). "Even *pro se* petitioners have the 'burden of learning the applicable procedural rules in federal court and abiding by them[.]'" *Harris*, 2013 WL 1673113, at *2 (quoting *Hill v. Superintendent Gowanda Correction Facility,* No. 08-CV-4508, 2009 WL 560690, at *3 (E.D.N.Y. Mar. 4, 2009)); *see also, Simpson v. Butricks*, No. 20-CV-1892 (SVN), 2022 WL 2527973, at *3 (D. Conn. July 7, 2022) (finding petitioner's contention that he was never informed of the one-year filing deadline by counsel was not an extraordinary circumstance to justify the lengthy delay in filing his federal habeas petition).

Finally, Petitioner has not demonstrated that he was diligent in attempting to exercise his rights during the 1,027-day period of untolled time that he now seeks to have tolled. As a result of Petitioner's failure to properly and diligently pursue his rights, he has failed to demonstrate that he qualifies for equitable tolling of the limitations period.

### C. Evidentiary Hearing & Certificate of Appealability

Because this habeas petition can be resolved by reference to the state court record there is no need for an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2); *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (holding that if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing). Petitioner has failed to satisfy the statutory requirements in that he has not demonstrated the existence of any factual disputes that warrant a federal evidentiary hearing.

Moreover, a prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability to do so. *See* 28 U.S.C. § 2253(c)(1); *see also Harbison v. Bell*, 556 U.S. 180, 183 (2009). This Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a

district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Alternatively, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* After review of the record, the Court concludes that no appeal is warranted, and any appeal from this order would not be taken in good faith. Therefore, the Court will not issue a certificate of appealability.

## IV. CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss [ECF No. 12] is **GRANTED** because Petitioner's habeas petition is untimely.

The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED.**

Hartford, Connecticut
September 14, 2026

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge